UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:10CV2151 CDP |
| GAINES CONSTRUCTION, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for summary judgment. Plaintiffs bring their action pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions owed by defendant to various employee benefit funds affiliated with plaintiff Greater St. Louis Construction Laborers Welfare Fund. Because I determine that there is no genuine issue of material fact, I will grant plaintiffs' motion.

## Undisputed Facts

Plaintiffs in this case are various collectively bargained employee benefit plans, labor organizations, and their trustees. The defendant, Gaines Construction,

entered into collective bargaining agreements with the plaintiffs, requiring monthly payments to the Welfare, Pension, Vacation, and Training funds. Additionally, Gaines was bound to submit monthly report forms regarding the hours worked by its employees and payments made into the funds, and plaintiffs were permitted to conduct financial examinations of the defendant's records to ensure compliance with these requirements.

As allowed by the collective bargaining agreement, plaintiffs retained the accounting firm of Wolfe-Nilges-Nahorski to conduct a financial examination of defendant's records, covering the period from July 1, 2006 through July 31, 2009. Defendant cooperated in the examination and produced all requested documents. The accounting firm concluded that defendant owes a total of $13,278.39 in delinquent contributions, interest, and liquidated damages.[1]

Defendant has also failed to pay full contributions based on reports it submitted for June 2010 through June 2011. Based on defendant's reports, it owes $24,147.18 in delinquent contributions and liquidated damages of $4,829.46. After plaintiffs' filed the motion for summary judgment, the defendant made a payment of $11,668.89 toward this amount.

---

[1] The collective bargaining agreement provides for liquidated damages of twenty percent (20%) on all delinquent contributions.

In addition to the above amounts of delinquent contributions, interest, and liquidated damages, the accounting fees attributable to the financial examination were $1,295.00.  Plaintiffs also incurred attorneys' fees and costs, which they claim in the amount of $2,478.75.

## Discussion

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v Carrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).

ERISA "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans," *Minn. Chapter of Associated Builders & Contractors, Inc. v. Minn. Dept. of Public Safety*, 267 F.3d 807, 810 (8th Cir.

2001) (quoting *Wilson v. Zoellner*, 114 F.3d 713, 715 (8th Cir. 1997)), and was enacted to prevent "the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds," *id.* (quoting *Massachusetts v. Morash*, 490 U.S. 107, 115 (1989)).

Section 515 of ERISA, 29 U.S.C. § 1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Additionally, § 502(g)(2) of ERISA, 29 U.S.C. § 1132, provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>   (A) the unpaid contributions,
>
>   (B) interest on the unpaid contributions,
>
>   (C) an amount equal to the greater of –
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

4

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

Defendant only raises two arguments in its response to the motion for summary judgment: (1) plaintiffs failed to submit admissible evidence regarding required contributions and liquidated damages rates for the month of November 2007, and (2) plaintiffs failed to properly support their claim for attorneys' fees. Because neither of these arguments presents a genuine issue of material fact, I will grant plaintiffs' motion for summary judgment.

Defendant first argues that plaintiffs have not submitted evidence in support of their motion for summary judgment regarding the delinquent contributions for November 2007, as to the contribution amount required or that the parties were bound by such an agreement. As support for their motion, plaintiffs attached a copy of the collective bargaining agreement between the parties that was in effect from March 2009 through March 2014, which does not cover the time period of November 2007. However, they also provided an affidavit from John Massa, the accountant who performed the financial examination. His report analyzed the time period of July 1, 2006 through July 31, 2009, and he specifically states that he

5

performed calculations "based on the contractual rates specified in the collective bargaining agreement."

Additionally, defendant admitted in its response to plaintiffs' statement of undisputed facts that "at all times material, Defendant was bound by the provisions of the collective bargaining agreement requiring monthly payments to the Welfare, Pension, Vacation and Training funds in specified amounts . . . ." This admission would include the period of November 2007 because it is a time material to this case. Finally, plaintiffs submitted the collective bargaining agreement in effect from March 1, 2004 through March 1, 2009 as a supplemental exhibit to its reply brief. Together, this evidence demonstrates that there is no genuine issue of material fact as to whether defendant was bound by the provisions of the collective bargaining agreement in November 2007, or as to the amount of the required contributions. Therefore, this argument is without merit.

Defendant's second argument is that plaintiffs have failed to properly support the amount asserted for attorney's fees. Plaintiffs attached an affidavit to their motion for summary judgment from one of their attorneys, detailing the number of hours spent on this case by members of the firm and their respective hourly fees. Defendant argues that plaintiffs' attorneys must instead present "a detailed explanation of the tasks completed by each attorney and the time spent on

6

each task." Additionally, defendants argue that awarding attorneys' fees is discretionary, and this Court should decline the request to award them.

In actions brought under 29 U.S.C. § 1145, as is the case here, the Court *shall* award "reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2)(D). This award of attorneys' fees is not discretionary, but rather is mandatory. The only issues are whether plaintiffs' attorney's affidavit provides adequate support for the amount of fees claimed, and whether that amount is reasonable.

A sworn affidavit from plaintiff's attorney constitutes sufficient support for a request for attorneys' fees. It contains a description of the hours worked and the applicable billing rates. Additionally, it contains a description of all services provided in connection with these fees. The Court has reviewed this evidence and finds that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, and the rates charged were reasonable. Therefore, defendant's second argument on which to deny summary judgment also fails.

Based on the evidence presented, the Court finds that plaintiffs are entitled to $9,965.03 in delinquent contributions, $1,993.01 in liquidated damages, and $1,320.35 in interest for the period of June 1, 2006 through July 31, 2009;

7

$24,147.18 in delinquent contributions and $4,829.46 in liquidated damages for the period of June 2010 through June 2011; $1,295.00 in financial examination fees; $2,044.00 in attorneys' fees; and $434.75 in costs.  This total amount of $46,028.78 shall be reduced by defendant's payment of $11,668.89, for a total judgment of $34,359.89.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [#20] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs shall recover from defendant Gaines Construction, Inc. Thirty-Four Thousand, Three Hundred Fifty-Nine Dollars and Eighty-Nine Cents ($34,359.89).

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                */s/ Catherine D. Perry*
                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2011.